CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 27, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

**ATLANTIC BAY MORTGAGE GROUP, LLC**
 and
**TRUSTEE SERVICES OF VIRGINIA, LLC**
 *Plaintiffs,*
v.                                                    Civil Action No: 7:25cv00689

**SECRETARY OF DEPARTMENT OF**
 **HOUSING AND URBAN DEVELOPMENT**
*Serve:* The Honorable Robert M. Tracci,
   Acting U.S. Attorney for the Western District of Virginia
*at:* 310 1st Street S.W., Room 906
   Roanoke, Virginia 24011
*And serve via Certified Mail:*
   The Honorable Pamela Jo Bondi,
   Attorney General of the United States
   950 Pennsylvania Avenue
   Washington, D.C. 20530-0001
*And serve via Certified Mail:*
   The Honorable Scott Turner,
   Secretary of Housing and Urban Development
   451 7th Street, S.W.
   Washington, D.C. 20410-0001

**ELAINA M. BERNARDO**
*Serve at:* 5914 Crumpacker Drive
       Roanoke, Virginia 24012

 and
**STACEY S. TEMPLE, Trustee**
*Serve at:* 600 Lynnhaven Parkway Suite 203
       Virginia Beach, Virginia 23452
         *Defendants.*

## COMPLAINT FOR A JUDICIAL SALE

COME NOW the Plaintiffs, by counsel, hereby respectfully requesting that this Honorable Court enter an order authorizing a judicial sale for the real property commonly known as 5914 Crumpacker Drive, Roanoke, Virginia, which is more fully described in paragraph 14 of this Complaint (hereinafter "Property"), and, in support thereof, state as follows:

1.  This Complaint is a request for a judicial sale that is necessitated by there being a

"Virginia Deed of Trust" recorded in the chain of title for the Property.

2. Said Deed of Trust is a junior lien and provides a security interest to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of a promissory note that is payable to the Secretary.

3. The Plaintiffs, respectively, are the current holder of the original May 26, 2023 Note and the substitute trustee of the May 26, 2023 Deed of Trust that secures a purchase-money mortgage loan that encumbers the Property.

4. The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the May 26, 2023 mortgage loan, which is in default for nonpayment.

## PARTIES

5. Atlantic Bay Mortgage Group, LLC (hereinafter "Atlantic") is a Virginia registered limited liability company that makes and holds residential mortgage loans.

6. Atlantic has its principal place of business in Virginia Beach, Virginia.

7. Atlantic is the current holder of the primary mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the subject Property.

8. Trustee Services of Virginia, LLC is a limited liability company, that is registered with the Virginia State Corporation Commission, and is the appointed Substitute Trustee of the May 26, 2023 Deed of Trust securing Atlantic.

9. The U.S. Department of Housing and Urban Development (HUD) is an agency of the United States Government.

10. The Secretary of HUD is the obligee of a promissory note that is secured by a "Virginia Deed of Trust" recorded in the chain of title for the Property.

11. Elaina M. Bernardo is the current owner of record of the Property. Upon information and belief, she is a resident of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

12. Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party.

13. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Roanoke Division of the United States District Court for the Western District of Virginia.

## FACTUAL ALLEGATIONS

14. Via a Deed dated May 26, 2023, Elaina M. Bernardo (hereinafter "Bernardo") became the owner of record of the real property legally described as,

> Lot 3, according to the Plat of "Section No. 16 Samuel's Gate at 'The Orchards'", prepared by Lumsden Associates, P.C., Engineers-Surveyors-Planners, of record in the Clerk's Office of the Circuit Court of Roanoke County, Virginia, in Plat Book 30, Page 193, Instrument Number 200700156,

and commonly known as 5914 Crumpacker Drive, Roanoke, Virginia (hereinafter "Property").

15. Said Deed is recorded among the land records of the Roanoke County Circuit Court as Instrument 202303799, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

16. In order to purchase the Property, Bernardo entered into purchase-money mortgage loan with Atlantic.

17. As part of that mortgage loan, Bernardo executed a Note for $471,306.00 and a Deed of Trust granting a security interest in the Property to the named beneficiary of the Deed of Trust.

18. The Note and Deed of Trust are each dated May 26, 2023.

19. The Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan, and provided for acceleration of the mortgage loan and foreclosure in the event of a default.

20. Said Deed of Trust is recorded among the land records of the Roanoke County Circuit Court as Instrument 202303800, and a true and accurate copy thereof is attached hereto as **Exhibit**

**B**.

21.     The May 26, 2023 Deed of Trust (Exhibit B) initially named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

22.     Via a "Notice of Corporate Assignment of Deed of Trust" executed on June 10, 2025, MERS assigned its interest in the May 26, 2023 Deed of Trust (Exhibit B) to Atlantic.

23.     Said assignment is recorded among the land records of the Roanoke County Circuit Court as Instrument 202504670, and a true and accurate copy thereof are attached hereto as **Exhibit C**.

24.     Via an Appointment of Substitute Trustee executed on July 4, 2025, Atlantic appointed Trustee Services of Virginia, LLC as Substitute Trustee of Bernardo's May 26, 2023 Deed of Trust (Exhibit B).

25.     Said Appointment of Substitute Trustee is recorded among the land records of the Roanoke County Circuit Court as Instrument 202506663, and a true and accurate copy thereof is attached hereto as **Exhibit D**.

26.     In April of 2024, Bernardo was offered, and did enter into, a loan modification whereby the balance of her May 26, 2023 mortgage loan (Exhibit B) was reduced by $24,345.19 by transferring that amount to a junior mortgage loan with HUD.

27.     As part of her mortgage loan with HUD, Bernardo executed a promissory note for $24,345.19, payable to the Secretary of HUD, and a "Virginia Deed of Trust" in favor of the Secretary of HUD.

28.     The promissory note, payable to the Secretary of HUD, and the Virginia Deed of Trust are each dated March 28, 2024.

29.     Said Virginia Deed of Trust granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $24,345.19.

30. The Virginia Deed of Trust is recorded among the land records of the Roanoke County Circuit Court as Instrument 202402889, and a true and accurate copy thereof is attached hereto as **Exhibit E**.

31. Stacey S. Temple is the named Trustee of the aforesaid March 28, 2024 Virginia Deed of Trust.

32. Upon information and belief, there are no other persons or entities that currently have an interest in the Property that would be considered a necessary party to this matter.

## Count I - Request for a Judicial Sale

33. The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 32 above.

34. In June of 2024, Bernardo's May 26, 2023 mortgage loan (Exhibit B) fell into default for nonpayment.

35. Due to said loan default, a notice of default/breach letter was sent to Bernardo on August 5, 2024 by LoanCare, LLC, who is the Servicer of the May 26, 2023 mortgage loan for Atlantic, the default was not cured, and the balance of the May 26, 2023 mortgage loan has been accelerated.

36. In order to collect the accelerated balance of the May 26, 2023 mortgage loan, Atlantic wants to enforce its rights in the Property by having the Substitute Trustee of the May 26, 2023 Deed of Trust execute the power of sale provision found within the May 26, 2023 Deed of Trust. See Exhibit B § 22.

37. An exercise of the power of sale provision that is contained in the May 26, 2023 Deed of Trust would typically require a public (nonjudicial) foreclosure sale for the Property held by the trustee or substitute trustee of the Deed of Trust.

38. However, because the Secretary of HUD also has security interests in the Property via its Virginia Deed of Trust (Exhibit E), a judicial sale is required.

39. Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against which liens are held by the United States. See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

40. In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

41. In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id.* at 913.

42. Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, the lien of the United States remains undisturbed against the real property that is sold.

43. Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c). Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

44. A sale of the Property, with clear title and no redemption period, will bring the highest and best price for the Property.

45. Accordingly, the Plaintiffs now respectfully ask this Honorable Court to authorize a judicial sale of the Property, pursuant to 28 U.S. Code § 2201, so that (i) the Secretary of HUD is given and receives sufficient due process with respect to his security interests in the Property, (ii) the Secretary of HUD can protect his interests in the Property, and (iii) the Property can be sold free and clear of all liens and Claim.

WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court find that the Secretary of HUD has a security interest in the Property; (ii) the Court find that a judicial sale of the Property is necessary in order to clear the lien against the Property held by the Secretary of HUD; (iii) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value after having the Property listed with a Virginia-licensed real estate agent or broker; (iv) the Court approve a Contract of Sale for the Property after the Court is satisfied that the price offered is fair and reasonable; (v) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of Bernardo via a Special Commissioner's Deed; (vi) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment of pro rata property taxes and the Grantor's recording taxes and fees; (vii) the Court also authorize, from the proceeds of the sale, the payment, at closing, the balance of the May 26, 2023 mortgage loan held by Atlantic (Exhibit B), and then the payment of the balance of the March 28, 2024 mortgage loan held by the Secretary of HUD (Exhibit E) to the extent funds from the sale of the Property are available, and then the payment of Bernardo with the remaining funds to the extent funds from the sale of the Property are available; (viii) the Court enter an Order waiving the one-year redemption period that the Secretary of HUD entitled to pursuant to 28 U.S. Code § 2410(c); and (ix) the Court grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate.

Respectfully submitted,

**ATLANTIC BAY MORTGAGE GROUP, LLC**
   *and*
**TRUSTEE SERVICES OF VIRGINIA, LLC**
   *by Counsel*

<u>September 26, 2025</u>	<u>/s/ Robert Oliveri</u>
Robert Oliveri, Esquire (VSB #47247)
BROCK & SCOTT, PLLC
484 Viking Drive, Suite 170
Virginia Beach, Virginia 23452-7321
757-255-5286 (direct)
703-840-4279 (facsimile)
robert.oliveri@brockandscott.com
*Counsel for the Plaintiffs*